AMELIA ARABIA, ON BEHALF OF HERSELF AND ALL
OTHER MEMBERS OF THE CLASS SIMILARLY SITU-
ATED, PLAINTIFFS-APPELLANTS, AND CITY OF AT-
LANTIC CITY, PLAINTIFF-RESPONDENT, v. SIMON
ZISMAN *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 22, 1978—Decided March 9, 1978.

Before Judges Lora, Seidman and Milmed.

*Mr. Morgan E. Thomas* argued the cause for appellant-plaintiff class.

*Mr. Willis F. Flower* argued the cause for defendants-respondents Boardwalk National Corporation, Atlantic City Realty Company, James Candy Company, Holiday Inn, Isador and Eva Dion, First National Bank of South Jersey as Trustee under Indenture of Trust for Gettleman Trust, Williamson's Joint Venture, Etc. (*Messrs. Kirkman, Mulligan, Bell & Armstrong,* attorneys; *Mr. Flower* on the brief).

*Mr. John Lloyd, Jr.* argued the cause for defendant-respondent Leeds and Lippincott Company (*Messrs. Lloyd,*

*Megargee, Steedle & Connor,* attorneys; *Mr. Lloyd* on the brief).

No brief was filed on behalf of plaintiff-respondent City of Atlantic City.

*Mr. Louis Niedelman* filed a statement in lieu of brief on behalf of defendants-respondents M. Neustadter, Steel Pier and Albert Toll (*Messrs. Cooper, Perskie, Katzman, April, Niedelman & Wagenheim,* attorneys).

*Mr. Joseph E. Robertson* filed a statement in lieu of brief on behalf of defendant-respondent Grace George.

*Mr. Matthew H. Powals* filed a statement in lieu of brief on behalf of defendant-respondent Walter Thomas Smith (*Mr. Frank J. Ferry,* attorney).

*Mr. Lawrence Milton Freed* submitted a statement in lieu of brief on behalf of defendants-respondents Estate of Emerson Richards, deceased, M. L. R. Co. and Seaside Realty & Improvement Co.

*Mr. Stuart B. Finifter* submitted a statement in lieu of brief on behalf of defendant-respondent Albert Cohen (*Messrs. Land & Finifter,* attorneys).

No brief was filed on behalf of any of the remaining defendants-respondents.

PER CURIAM. The portions of the judgment under review are affirmed substantially for the reasons expressed by Judge Gruccio in his opinion reported at 143 *N. J. Super.* 168 (Ch. Div. 1976).

Appellants' request for an allowance of counsel fees on the appeal is denied. They may, of course, apply for a counsel fee in the trial court when there is "a fund in court" out of which the same may be allowed. See *R.* 4:42–9(a)(2). No costs to any party on the appeal.