157 N.J. Super. 335 (1978)
384 A.2d 1110
AMELIA ARABIA, ON BEHALF OF HERSELF AND ALL OTHER MEMBERS OF THE CLASS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS, AND CITY OF ATLANTIC CITY, PLAINTIFF-RESPONDENT,
v.
SIMON ZISMAN ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1978.
Decided March 9, 1978.
*336 Before Judges LORA, SEIDMAN and MILMED.
Mr. Morgan E. Thomas argued the cause for appellant-plaintiff class.
Mr. Willis F. Flower argued the cause for defendants-respondents Boardwalk National Corporation, Atlantic City Realty Company, James Candy Company, Holiday Inn, Isador and Eva Dion, First National Bank of South Jersey as Trustee under Indenture of Trust for Gettleman Trust, Williamson's Joint Venture, Etc. (Messrs. Kirkman, Mulligan, Bell & Armstrong, attorneys; Mr. Flower on the brief).
Mr. John Lloyd, Jr. argued the cause for defendant-respondent Leeds and Lippincott Company (Messrs. Lloyd, *337 Megargee, Steedle & Connor, attorneys; Mr. Lloyd on the brief).
No brief was filed on behalf of plaintiff-respondent City of Atlantic City.
Mr. Louis Niedelman filed a statement in lieu of brief on behalf of defendants-respondents M. Neustadter, Steel Pier and Albert Toll (Messrs. Cooper, Perskie, Katzman, April, Niedelman & Wagenheim, attorneys).
Mr. Joseph E. Robertson filed a statement in lieu of brief on behalf of defendant-respondent Grace George.
Mr. Matthew H. Powals filed a statement in lieu of brief on behalf of defendant-respondent Walter Thomas Smith (Mr. Frank J. Ferry, attorney).
Mr. Lawrence Milton Freed submitted a statement in lieu of brief on behalf of defendants-respondents Estate of Emerson Richards, deceased, M.L.R. Co. and Seaside Realty & Improvement Co.
Mr. Stuart B. Finifter submitted a statement, in lieu of brief on behalf of defendant-respondent Albert Cohen (Messrs. Land & Finifter, attorneys).
No brief was filed on behalf of any of the remaining defendants-respondents.
PER CURIAM.
The portions of the judgment under review are affirmed substantially for the reasons expressed by Judge Gruccio in his opinion reported at 143 N.J. Super. 168 (Ch. Div. 1976).
Appellants' request for an allowance of counsel fees on the appeal is denied. They may, of course, apply for a counsel fee in the trial court when there is "a fund in court" out of which the same may be allowed. See R. 4:42-9(a)(2). No costs to any party on the appeal.